UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIAM H. MEECH,                                             Civ. No. 14-2862 (ADM/JSM)

      Plaintiff,                                            REPORT AND RECOMMENDATION

v.

JENNIFER ADAMSON (Child Protection Worker),
PAUL KILTINEN (Dodge County Attorney),

      Defendants.

The above matter came before the undersigned on Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Docket No. 2]. This matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. §636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.    BACKGROUND**

Plaintiff William H. Meech was found guilty of one count of first degree criminal sexual conduct in violation of Minn. Stat. §609.342, subd. 1(a) and one count of second degree criminal sexual conduct in violation of Minn. Stat. §609.343, subd. 1(a) following a jury trial. Complaint, ¶12 [Docket No. 1]. The Minnesota Court of Appeals reversed the conviction, finding that the trial court erred in admitting the out-of-court statement of the child victim's brother. Id., ¶13 (citing State v. Meech, 2005 WL 147478 (Minn. Ct. App. Jan. 25, 2005)). The matter was remanded for a new trial.[1] Meech, 2005 WL

---

[1] Meech did not describe the full procedural history of his criminal in his Complaint. The Court notes that after the Court of Appeals reversed and remanded the case for

147478, at *5.  Meech is now a civilly committed detainee of the Minnesota Sex Offender Program ("MSOP") at Moose Lake, Minnesota.  Motion for Leave to Proceed In Forma Pauperis ("IFP Mot."), p. 2 [Docket No. 2].

Meech's Complaint alleged that defendants Jennifer Adamson, a child protection worker who reported Meech's sexual assault of the minor child to the local police department, and Dodge County Attorney Paul Kiltinen, who prosecuted the case, "jointly participated" in violating Meech's Fourteenth Amendment right to be free from illegal search and seizure, unlawful arrest, false imprisonment, and deprivation of liberty without due process of law.  Complaint, ¶11.  Meech alleged the defendants lacked probable cause to arrest or prosecute him "without due process of law" and, therefore, their actions "constitute a Fourth Amendment violation of illegal search and seizure."  Id., ¶14.  Meech further contended that defendants arrested and prosecuted him "without any evidence that he actually committed the crime he was convicted of" and that he has suffered damages as a result of the false accusations of alleged sexual assault.  Id., ¶¶16, 17.  According to Meech, he has been "wrongfully convicted of a crime that he had no participation in" and is now "indefinitely civilly commited to the [MSOP] and will never be released back into society."  Id., ¶17.  Meech asserted that his grandson was "eventually arrested and convicted of the crime originally charged to [him]." [2]  Id. As relief, Meech sought "to be free from illegal search and seizure, unlawful arrest, false imprisonment and malicious prosecution" and sought "appropriate declaratory relief declaring the Constitutional rights to which Plaintiff is entitled."

---

retrial on January 25, 2005, Meech entered a guilty plea and was sentenced on September 11, 2006.  http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=24395304.

[2]   The Complaint contains no further explanation of this statement.

Complaint, ¶¶23, Prayer for Relief, ¶A.  Meech sought compensatory damages of $750,000 per defendant and punitive damages of $1,000,000 per defendant. Id., Prayer for Relief, ¶C.

## II.    DISCUSSION

An IPF application will be denied and an action will be dismissed if the IFP applicant's complaint fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curium). Meech has failed to state a claim on which relief may be granted because his claims are barred by the principles expressed in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994).  In both of those cases, the Supreme Court held that a person convicted of a state criminal offense cannot challenge the legality of his conviction or sentence in a federal civil rights action.  Habeas corpus is the exclusive federal remedy for a person who believes that his conviction or sentence should be set aside.  Heck, 512 U.S. at 481 (citing Preiser, 411 U.S. at 488-490).  The Heck bar applies equally to civilly committed detainees.  See Suchan v. Jesson, Civ. No. 13-3127 (JNE/SER), 2014 WL 461174, at *3 (D. Minn. Feb. 5, 2014) ("[T]he rule set forth in Preiser, and reiterated in Heck, is fully applicable to state detainees confined by reason of a civil commitment order, rather than a prison sentence.") (citation omitted); Henry v. Minnesota, Civ. No. 11-3136 (SRN/TNL), 2011 WL 6003969, at *2 (D. Minn. Nov. 8, 2011) ("The principles set forth in Heck are fully applicable to state detainees who are confined by reason of a civil commitment, rather than a prison sentence.") (Report and Recommendation adopted by Order dated Oct. 24, 2011).

3

Meech denies that he is challenging his civil commitment through the instant lawsuit, (Complaint, ¶20), but it is very clear that by seeking an order that he has been wrongly convicted and is being falsely imprisoned he is doing exactly that. Further, Meech's statements regarding the sufficiency of the evidence to support his conviction, (Complaint, ¶¶9, 10, 11, 14, 15, 16), indicate that his claims against the defendants are predicated on his assertions that he is innocent of the crimes for which he was convicted and that his prosecution, conviction, and subsequent civil commitment were unconstitutional. The relief Meech is seeking—a declaration that his constitutional rights were violated when he was "falsely arrested" and imprisoned—is exactly the relief barred by Preiser and Heck.

Even if Meech was only seeking monetary relief, his claims would still be barred, because he cannot bring a civil rights action that would call into question the validity of his state court conviction, which would be the result if his claim for money damages proceeded. In Heck, the Supreme Court explained that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . , a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted).  See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than early release.").  If Meech believes that he is exempt from Heck's favorable termination rule because the Minnesota Court of Appeals at one point reversed his conviction, he is mistaken.  See Payano v. Potter, 554 Fed. Appx. 522, 524-25 (7th Cir. 2014) ("[E]ven after an appellate court has remanded a criminal case for retrial, the Heck bar is not lifted until and unless the retrial ends favorably.") (citing Julian v. Hanna, 732 F.3d 842, 845 (7th Cir. 2013); DiBlasio v. City of New York, 102 F.3d 654, 658 (2d Cir. 1996) (ruling that "the reversal of a conviction and remand for new trial is not" favorable termination under Heck); Brandley v. Keeshan, 64 F.3d 196, 199 (5th Cir.1995), cert. denied, 516 U.S. 1129 (1996) (same)).

Meech's current complaint is barred by Heck and, therefore, the Complaint fails to state a claim for which relief may be granted.  The Court will therefore recommend that Meech's Motion for Leave to Proceed In Forma Pauperis be denied and the matter summarily dismissed without prejudice.  See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (dismissal of Heck-barred claims should be without prejudice so plaintiff can refile if he satisfies Heck requirements).

## III.   RECOMMENDATION

For all of the foregoing reasons, the Court recommends as follows:

1.   Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Docket No. 2] be **DENIED;**

5

2. Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).


Dated: August 5, 2014              *Janie S. Mayeron*
                                   JANIE S. MAYERON
                                   United States Magistrate Judge

### NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 19, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.